The last case of the morning is 419-0125, Amita M. v. Christopher M., the appellant Angela Skinner, and appellee Ann Martinkus, Ms. Martinkus, Ms. Skinner. May it please the court and counsel, I'm Angela Skinner on behalf of the appellant, Christopher Murray. The trial court's entry of the plenary order of protection aims to press protecting the parties three months and older should be reversed. The parties seeking the plenary order of protection have the burden to show that the protected parties were abused by a family member by the ponderance of the evidence. Because petitioner's evidence was based on hearsay that she had been inadmissible since it was not properly corroborated, she fails to meet her burden of truth for entry of the order of protection. I will focus on the two statutory hearsay exceptions for statements related to child abuse, the types of evidence that do and do not constitute corroboration, and the evidence that was presented in this case. Because there was not sufficient corroboration, the statements here should have been inadmissible or should not support a final release. Thus, petitioner did not meet her burden for an order of protection, and the entry of the plenary order should be reversed. First, by way of background, Chris and Erica Murray have three daughters, all of the initials A.M. For ease of reference, I will refer to them as the oldest, middle, and youngest child, rather than juggling the three A.M. initials. Chris and Erica are witnesses of a protracted divorce case in Champaign County. In December 2018, Erica filed a separate order of protection case seeking an order of protection for the three girls. The plenary order of protection request was referred by a different judge than the divorce judge. The bulk of the evidence regarding the allegations of sexual abuse by Chris against his daughters was in the form of statements from the girls to either their mother or Kate Wheeler, their therapist. Because none of the children testified at the order of protection hearings, the children's statements were hearsay. Would the question mean whether an exception exists to allow the statements to be admissible? Counsel, can I stop you there before you get any further into your legal argument? I'm just curious, what is the status of the divorce case, and how will our ruling today affect the divorce case, or vice versa? Sure. So, in the divorce cases that have been going on for a number of years, I believe almost three years at this point, we are, at this point, still debating discovery. There was just a temporary hearing on the statements of child support, and there's not a final resolution. There's no final resolution on parenting or any of the financial aspects. Okay, so, our ruling today, regardless of what it might be, will have no impact? Is that my understanding of your answer on the divorce case? No, it would, because it would impact the parenting time schedule. I understand that the order would only be in place for about another month, but still, it would impact that as far as the parenting schedule, and then I think it could potentially impact the parenting plan or the parenting allocation going forward. The plenary, I'm sorry. Go ahead. The plenary order of protection expires in July, right? Yes. Okay. There are two statutory hearsay exceptions which deal with statements regarding the alleged abuse of a child. 735 ILCS 5H 2601 is part of the Code of Civil Procedure and allows for the admission of hearsay statements from a child under 13 regarding sexual abuse. Under the statute, there is a requirement that hearings conducted outside the presence of the jury regarding safeguards or reliability, and the child must either testify or be unavailable to testify. There must be corroborating evidence of the alleged abuse in order to be admissible. The other statutory section regarding statements of abuse is 750 ILCS 5606.5C, part of the Illinois Marriage and Dissolution of Marriage Act. Under this section, statements of the child's abuse shall be admissible in hearings concerning allocation of parental responsibilities. However, if a statement lacks corroboration and isn't subject to cross-examination, the statements regarding abuse are not sufficient to support a finding of abuse. And just to be clear on that latter section, I'm not sure that it makes any difference in terms of the ultimate outcome in this case, but I noticed in both parties' briefs, reference was made to a requirement that in order to be admissible under that section, the statements had to be corroborated. And the corroboration requirement only deals with the sufficiency of the court's finding. It doesn't impact on its admissibility. It's admissible without corroborating evidence, correct? Correct. Under the IMDA, yes. So it just goes more of the way in whether that's enough to have a finding of abuse, yes. So there is inconsistency among the appellate districts as to which section should apply to protection proceedings. I'm unaware of any court district cases regarding this issue. At trial, Christopher's attorney argued that 735-ILCS-5H-2601 should apply, and Erica's counsel argued that the section from the IMDA was the correct statute. Despite the fact that this was a point of contention, the trial judge never made a definitive ruling on which statutory section should be utilized. Under both statutes, the statements regarding abuse must be corroborated in order to be admissible or a finding of abuse to be made. Present cases provide examples of the types of evidence that may provide corroboration for statements regarding abuse. Nautical evidence following the examination of a child can be a corroboration of a child's statements. A child undergoing a victim-sensitive interview with an experienced investigator, and then the investigator testifying about his or her findings can be a corroboration. A child providing specific details about the incident in general, where the abuse occurred, and other specific details as described by a third party, can lend sufficient support to the statements. If the investigator describes how the child was able to identify genitals on an anatomically correct doll, when the child would not otherwise be expected to have such knowledge, this also can be sufficient corroboration. There are also examples from past cases of what do not suffice as corroboration. Fearsay cannot corroborate other fearsay. Testimony regarding physical manifestations, such as being frightened or anxious, is insufficient corroboration when the child's conduct is the only corroboration presented. There is another requirement of physical evidence, but something more than the statement themselves are needed for a finding of abuse. Here, Erica testified as to the children's statements. The statements were mostly from the middle child, who alleged that Chris would touch her and the youngest child in the shower, while I helped him with their hair, and while lying in bed. The children's therapist, Kate Wheeler, testified as to the statements from the middle child, and that the child seemed uncomfortable while discussing the alleged abuse. Ms. Wheeler testified across examination that it was not her role to investigate abuse, and that she should not ask the children specific questions about abuse. Erica's counsel argued that statements from the oldest child, while not willing to discuss her dad, as well as other statements from the children, were corroboration for the abuse statements. Erica also argued that corroborated statements from the middle child were uncomfortable while discussing her father with the therapist. These are not the types of evidence that should suffice as corroboration. Hearsay cannot corroborate other hearsay. The middle child's discomfort while discussing the alleged abuse would fall in the category of physical manifestation of accompanying hearsay. This also should not suffice as corroboration. No investigators testified regarding interviews with the children. The only third party who testified on Erica's behalf was Kate Wheeler, who testified that it was not her role to investigate abuse. Erica needed to prove that the abuse occurred by opponents of the evidence. Chris testified that he did not abuse the children. Because the children did not testify, there needed to be corroboration for their statements before an order of protection was entered, and that was lacking. The trial court erred in this case by admitting the children's hearsay statements without sufficient corroboration and ruling the statements were sufficient for finding abuse. Essentially, Erica's case consisted of the children's statements, which were not subject to cross-examination. This should not have been enough to meet her burden of proof for a plenary order of protection. For this reason, in addition to those stated in Christopher's briefs, the entry of an order of protection was contrary to the manifest way of the evidence, and the order of protection should be reversed. Thank you. Thank you, counsel. We'll have an opportunity in rebuttal. Mr. Martinkus. Please support the counsel. My name is Amy Martinkus, and I represent the petitioner in this case. As counsel pointed out, there really are two main issues here, and the first one being what statute should apply. And if you look at the briefs, or if you look at the case log that's incited in both our briefs, we have the Darien case, plenary, and Gilbert. Those are really the three cases, my position is, that are instructive as to which statute should apply and what constitutes corroborating the evidence. The second district in plenary chose to apply the Code of Civil Procedure, which I believe was 8-2601, and the reasoning for applying that statute was in the actual order of protection case, which states that the court shall, if that's what it focuses on, shall, has no discretion, is governed by the Code of Civil Procedure. And as such, the court found that the Code of Civil Procedure applies. And when looking at the corroborating evidence, in all of the three statutes, we have the juvenile act, we have the divorce act, and then we have the Code of Civil Procedure. In all three of those statutes, the evidence must be corroborated by other evidence in the children's statements. In plenary, it took a very strict approach. Basically, in plenary, we had a three-year-old child who had some vaginal redness. She did a body part examination, and in that case, the expert was unable to have an opinion as to whether the child was sexually abused. But what's instructive in that case is that the court indicated there were two types of corroborating evidence. Obviously, we have the testimony of the child, and then there's other physical manifestations of sexual abuse. And so when the court looked at the evidence, it found that there was no medical evidence, and it found that the evidence that was presented in plenary was not sufficiently corroborating the statements of the minor child. What my plenary is important, if you read that case and you look at the facts, it's really, and you can see this in Daria and Gilbert, basically the only type of evidence that would constitute corroboration would be medical evidence. And plenary reversed the trial court and indicated that the type of evidence presented in that case was not sufficiently corroborated. Turning to Gilbert. Wait a minute, counsel. Plenary said that the Code of Civil Procedure applies, right? Right. Well, that's pretty powerful, isn't it? I mean, that's what the statute says, and the court said statute says the Code of Civil Procedure applies, so we're going to apply it. So what's your response to that? Well, my response to that, Judge, is that in the Code of Civil Procedure, the 2-6801, it basically deals with having a jury trial rather than having a parent who has abused a child. So in that situation, the decades are differentiated, and the court should apply the 606C. Well, that statutory scheme for the civil law also has something similar, almost identical, if not identical, in the criminal law. And that's under 115-10. We apply that whether it's a jury trial or a bench trial. So why wouldn't it work the same here? Well, basically, it refers to a jury trial. That's my analysis of it, is that it refers to a jury trial as such. When you have a parent, then we would flip to the Divorce Act. And also, we would have basically two opposite standards. We have the Divorce Act, which is the broad ethical assessment, and I forget what the case was where. Basically, it was brought within the Divorce Act, and the trial court there did apply 606C. So basically, what would happen is that, well, if I file a petition for protection to protect my child, now I'm doing the civil court procedure, and if I file a divorce case, now I'm under 606E. So the bottom line is, in my opinion, that 606E deals with parents and should be the statute following court protection cases and in the Divorce Act. What would happen, too, is if you have somebody that is not married and they don't have the Divorce Act, then they file a mormon protection and you say, well, if you've been married and filed a mormon protection in the Divorce Act, then 606C would apply, but because you're not married and you can't file a divorce act, then you have a different statute in the civil court procedure that applies. And so we would have parents who are not married having to file mormon protections and having a different standard than having a Divorce Act where you can file the mormon protections. That's my position in terms of the distinguishing the civil court procedure and the Divorce Act, which revolves around parents. As counsel correctly stated, there is a divide in the districts between the second district and the first district, which was the Gilbert case. Now in terms of cooperation, under either of those three statutes, Juvenile 606C and 8-2601, all of those statutes require cooperation. And so number one is figuring out what statute to apply, which is a de novo review. And then the question is, in terms of the admissibility of evidence, is it use of discretion? And so a draft judge will not be overturned in terms of admission of evidence unless it's a use of discretion. So we look to basically what is cooperating evidence. And as you saw in Plannery, and the criticism in Plannery and Gilbert, was that there would be no way there could be a finding of abuse based on Plannery. Basically, Plannery requires some type of physical evidence, which we saw in Daria, which was the hymen having been broken through, and there was medical testimony. However, in the vast majority of cases, there is no physical evidence. You have the statements of the child, and then you have physical manifestations of the child that can show abuse, sexual abuse. Is there a case that says it had to be corroborated by physical evidence, or are you saying that simply as a result of, by natural extension of the Plannery case, that's what that stands for? That's my position as judge. I mean, in Ray A.P., the Supreme Court decision doesn't say that. It just talks about corroboration, and there is no specific requirement that it be corroborated by physical evidence. Is that true? Well, my reading of Plannery comes out and says that, and then at Gilbert, that's basically what they say, that there's no physical evidence, because the evidence that was presented in Plannery was there was a vaginal redness, there was a body part defamation, and a kilter, which is really the bulk of evidence that you have in sexual abuse cases. In terms of A.P., that was a juvenile case, and the court there found that there was corroborating evidence. And also in A.P., there was also physical evidence of abnormal hymen. So, as I indicated, it's on a case-to-case basis what constitutes corroborating evidence. In our case, we have a counselor who has testified. She testifies that the children are... She basically says they're not focused on her, they're uncomfortable. They created a drawing to show the physical abuse, and we have the counselor observing the physical manifestations of the three children. And so the petitioner's position is that was enough to corroborate the statement made by the children. Also, she noted that the children had freed up a way so that their father was not able to come into the bathroom. Based on the statements of the children, based on the physical manifestations that were heard in the trial court, the petitioner's position is that is sufficient to corroborate testimony regarding sexual abuse. And then, in terms of the standard of proof, as to whether the trial court's decision was against the manifest, I think there is enough evidence in the record to show that... that their word protection should be granted. What about the appellant's position that, regardless of the level of corroboration, failure by the trial court to make the necessary findings is sufficient? In terms of that, Judge, I may refer to my notes for a moment. There was the Healy case and the Hedrick case. And in Hedrick, the court demanded back to the trial court to make the sufficient findings. And I believe in Healy, basically the court didn't reach that decision because the court found that the word protection should not have been created under the evidence presented. And so, if, in fact, this court were to find that the trial judge did not set forth in specificity his basis for his ruling, in my position, and if that should be remanded to the trial court to set forth the findings as required by the American Violence Act, the typical form that we use says those findings, and then if there's a wrong recitation, which should be the case, that it's not to overturn the word, that it's to remand it back to the trial court to make sufficient findings. And why is that, that it should be remanded as opposed to just reversed? My position is it should be remanded because of the fact, not because of what the judge says, and whether or not that suffices as to whether it should be remanded. I think the case law basically is consistent with the fact that it should be remanded to allow the trial judge to indicate. In this case, I think the trial judge did articulate, if you look at the Moen case and compare it to this case, the trial judge did set forth sufficient findings to support the domestic violence act requirement. And my position is that if, in fact, this court were to find there was no articulations based on the statute, then the court should remand it to give the trial court the chance to make those findings. Otherwise, I guess, if the trial court's findings were not sufficient, then you'd have to look at what that would be sufficient. Then we'd have cases being reversed and not being remanded back to the trial court. I mean, he made those findings in the actual order of protection. And basically, in order of protection cases, we have the boxes that we checked. And so if you find that the oral findings were insufficient, then the trial court should be given a chance, in my opinion, to explain his or her ruling to satisfy the requirements of the Illinois Domestic Violence Act. Ms. Martinkus, this isn't particularly germane to the issues in this case, but I just had a question about Section 606.5. And I was curious because I have had very little exposure to this section. The fact that an abused child's out-of-court statements may be admitted without, it doesn't appear any restriction or requirement that the child be unavailable or that there could be an indication of reliability as to that statement. It just says it comes in. Right. And is that what you've experienced in practice? The trial courts will admit it just as the statute seems to read, without any additional indicia of reliability. Well, under the Divorce Act, it does seem to be right. There is no finding of reliability. And if you look at the reasoning, too, under the Post Civil Procedure, if it's a bench trial, then the court is the one who's conducting the liability, and we should trust the trial court because that court has heard the evidence and has to sit through the evidence. But under 606C, yes, it comes in, but there still has to be a finding of cooperation in order to find abuse. And looking at the policy in terms of the cooperation is, yes, we have this balancing act. We've got a child that's alleged to be abused, and then we also have the rights of the person being accused of abuse. And natural cooperation is important in terms of balancing those two different positions on the trial. Thank you. Thank you, Ms. Martinkus. Ms. Skinner. As it relates to intermarriage and plannery, the reason why we don't just automatically use the Post Civil Procedure these types of evidence is that that's the case in the second district, so it's not binding on this district. So it is really up in the air which statute is to be applied, which I think is why it was important or significant that the judge didn't really tell the attorneys in the trial which he was utilizing. And as Ms. Martinkus has pointed out, it could be apparent or un-apparent. I mean, intermarriage and plannery, the parents, it was a marriage case, it wasn't just a marriage case. So the alleged abuser, I believe, was the parent in that case, so that can't be the distinction. As to the question whether there is a case that requires physical evidence for corroboration, I do not believe there is any such case. And as to the findings, whether there will be a reversal or a remand, in the Hedrick case, I believe there was an outright reversal, although there were not the appropriate findings made. And here, Ms. Martinkus suggests that the judge made the findings in a written order. That isn't the case. The judge told Erica's counsel which boxes to check. Her counsel checked the boxes. The judge signed off on the order. So if there weren't sufficient oral findings, even though it's written in a written order, then we still need the judge to give the proper thoughts to doing the findings as I believe is required by the statute. Well, wait a minute. So what should we do under your request? I believe the findings are not sufficient. They should be reversed however. With no reason. Okay. Thank you, counsel. This matter will be taken under advisement in the written order of Court 26.